UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP 21 2007

DAVID J. MALAND, CLERK
BY
DEPUTY

| | | |
|---|---|---|
| JEREMY VAUGHN PINSON, | ) | |
| PETITIONER, | ) | |
| | ) | |
| V. | ) | 1:07CV0646 |
| | ) CIVIL ACTION NO. | |
| JOHN B. FOX, WARDEN, | ) | |
| RESPONDENT, | ) | |

## MOTION & MEMORANDUM IN SUPPORT OF PETITION FOR A WRIT OF MANDAMUS

Comes Now the Petitioner, pro se, under the express protections of **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972), and moves this Honorable Court to issue a Writ of Mandamus against the Respond--ent to perform his preexisting duties under the Constitution and laws of the United States and submits this Memorandum of law in support thereof.

### FACTS

1. The Petitioner is a prisoner held at the United States Peni--tentiary in Beaumont, Texas.
2. The Respondent is the Warden and Chief Executive Officer of the prison in which the Petitioner is housed by the Federal Bureau of Prisons.
3. The Petitioner is confined pursuant to a Judgement of Conv--iction in the United States District Court for the Western District of Oklahoma (Case No's. CR-06-114-R; CR-07-023-R).
4. The Federal Bureau of Prisons has an "Administrative Remedy Program" (Bureau of Prisons Program Statement 1330.13) in place to allow prisoners an opportunity to address complaints and seek redress prior to filing in federal Court.

(1)

5. The Petitioner is housed in the Special Housing Unit of the prison and does not have free access to members of his unit team and is reliant upon them to come to the Special Housing Unit to provide proper forms, services, and advice including the processing of the first steps to the Administrative Remedy Program.

## ARGUMENTS AND AUTHORITIES

### I. JURISDICTION

This Court has Jurisidction to hear this case and grant a Writ of Mandamus pursuant to Title 28, United States Code, Sec. § 1361 and Title 28, United States Code, Sec. § 1331.

### II. THE RESPONDENT HAS AND CONTINUES TO FAIL TO PERFORM A PREEXISTING DUTY UNDER THE LAWS OF THE UNITED STATES

Title 28, Code of Federal Regulations, Sec. § 542.10 to § 542.19 provides the Rules upon which U.S. Department of Justice Program Statement 1330.13 is based and provides the legal basis for prisoners to exhaust their administrative remedies with any issue relating to their confinement in accordance with the laws of the United States and to better create a formal process for the review of those complaints. The Petitioner asserts that the Respondent and employee's under his control, specifically Unit Manager M. Mcgehee, Case Manager J. Hanks, and Correctional Cou--nselor R. Cruz are purposefully, willfully, and maliciously obstructing access to the Administrative Remedy Program to bar prisoner access to the Courts as a result of the Prison Litigat--ion Reform Act, Title 42, United States Code, Sec. § 1997 et seq., and the precedents regarding prisoner litigation that have been set out by the Supreme Court of the United States. The duty of the Respondent and personnel under his direction is to adhere to the laws and procedures in place to promote a safe, secure and constitutionally protected environment for prisoners, not use only certain portions of the law to bar access to the Court's which the Petitioner contends is exactly what the Respondent and his subordinate personnel are doing, it is their duty to perform **all** duties that exist by virtue of the law and the Constitution not only those statutes or sections thereof which benefit them and

continue to serve the status quo that exists in one of the most inherently violent institutions in the United States.

### III. THE RESPONDETS' INSTITUTION HAS HABITUALLY DENIED ACCESS TO THE ADMINISTRATIVE REMEDY PROGRAM

Even in a light most favorable to the Respondent one could not perceive his actions and that of previous administrators to be one of honest adherence to the laws and procedures set into place for exhaustion of Administrative remedies by prisoners. For example, the United States Penitentiary in Beaumont, Texas which was hard hit by Hurricane Rita, rejected nearly every single Request For Administrative Remedy that contained complaints to which Hurricane Rita was relevant. The question could reasonably be asked were the rejections due to genuine, intentional failure to exhaust one's remedies or was the United States engaged in a concerted effort to use procedural errors caused by a natural disaster to reduce liability for the negligence of it's staff during that occurence? It is a genuine question any reasonable person should ask, but more importantly the issue posed by the Petitioner has historical basis as well because it is not the 1st time a prisoner has complained and received no relief for his unit team not assisting in the execution of the Administrative Remedy Program (See: Remedy ID #'s 436998-F1 - 12-15-2006; Remedy ID 406613-F1; Remedy ID 381040-F1 - 07-13-2005; 380443-F1 06-22-05; 381040-F1 06-29-05; 378482-F1 06-02-2005; 368339-F1 02-23-2005; 368339-F2 03-21-05; 371623-F1 03-30-05; 384521-F1; 394498-F1 11-9-05;) These are only 11 examples found out of an unknown number of the same type of complaints in several hundred pages of records that weree released by the Bureau of Prisons pursuant to a Freedom of Information Act request for the ID # and subject-matter of all grievances filed since 2005. Each of the foregoing Remedy ID's identifies a prisoner grievance of Unit team members not properly utilizing the Administrative Remedy Program and often not returning informal attempts at resolution. It cannot be said that it is an isolated incident, it is clearly a habit and custom of the staff at the United States Penitentiary in Beaumont, Texas and one the Respondent harbors and allows to be perpetuated.

(3)

### IV. IT IS IN THE INTERESTS OF JUSTICE TO ISSUE A WRIT OF MANDAMUS IN LIGHT OF THE FACTS AND LAW

The Prison Litigation Reform Act( 42 U.S.C. § 1997(e)(A) ), req--uires that all prisoners exhaust all available administrative remedies before filing in Court. It is also incumbent upon a prisoner to **properly** exhaust his remedies before filing in Court (See: <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); <u>Porter v. Nussle</u>, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) but it has been held that a 1st Amendment, U.S.C.A claim entitles a petitioner to judicial relief wholly aside from any physical, mental or emotional injury incurred (See: <u>Canell v. Lightner</u>, 143 F.3d 1210 (09th Circuit, 1998), a denial of "access to the Courts" is a violation of the First Amendment. When the Respondent and the employees under his control knowingly perpetuate a policy in which they know will procedurally bar a prisoner from bringing his/her claim before the Court, they are in effect denying access to the Courts. Regulations and practices that unjustifiably obstruct a prisoner's access to the Courts is invalid, the Respondents actions must serve some **valid** penological interest or they are without legal basis (See: <u>Turner v. Safley</u>, 482 U.S. 78, 96 L.Ed.2d 64, 107 S.Ct. 2254 (1987). The actions of the Respondent are not in conformance with Title 28, Code of Federal Regulations, Sec. § 542.10-542.19, and while they may not be criminally negligent they are certainly far from within the letter or spirit of the law and a gross abuse of power if ever one existed for a Warden of a prison in the United States.

### V¶ REQUEST FOR RELIEF

WHEREFORE the Petitioner respectfully prays the Court grant this Petition forthwith and Order the Respondent, any agents, employee, or those acting in concert with him to take reasonable meaaures to allow prisoner's to exhaust their Administrative remedies with no further hindrance or delay not mandated by some **valid** interest such as the security and order of the institution.

It is so Prayed.

Jeremy Pinson#16267-064

(4)